EXHIBIT A-3

| | | |
|---|---|---|
| 1 | LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC. | |
| 2 | JOY Y. STEPHENSON-LAWS, ESQ. | (SBN 113755) |
|   | RICHARD A. LOVICH, ESQ. | (SBN 113472) |
| 3 | KARLENE J. ROGERS-ABERMAN, ESQ. | (SBN 237883) |
| 4 | DAVID F. MASTAN, ESQ. | (SBN 152109) |
|   | AANCHAL V. SANGHVI, ESQ. | (SBN 315053) |

303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502
Email: asanghvi@sacfirm.com
Telephone: (818) 559-4477
Facsimile: (818) 559-5484

Attorneys for Plaintiff
STANFORD HEALTH CARE, a non-profit public benefit California corporation

E-FILED
1/22/2020 2:36 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV362407
Reviewed By: L. Quach-Marcellana

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SANTA CLARA
### UNLIMITED JURISDICTION

| | |
|---|---|
| STANFORD HEALTH CARE, a California non-profit public benefit corporation, | Case No.: 20CV362407 |
| | COMPLAINT FOR DAMAGES FOR: |
| Plaintiff, | 1. BREACH OF ORAL CONTRACT; |
| vs. | 2. BREACH OF IMPLIED-IN-FACT CONTRACT; |
| BLUECROSS BLUESHIELD OF SOUTH CAROLINA FOUNDATION, a South Carolina corporation and DOES 1 THROUGH 25, INCLUSIVE, | 3. ESTOPPEL; |
| | 4. *QUANTUM MERUIT* |
| Defendants. | 5. COMMON COUNTS – GOODS AND SERVICES RENDERED. |

Complaint – FC 23089

- 1 -

## PARTIES

1. Plaintiff Stanford Health Care ("Stanford Hospital") is a non-profit public benefit corporation organized and existing pursuant to the laws of the State of California. Stanford Hospital has its principal place of business in the community of Stanford, County of Santa Clara, State of California. Stanford Hospital provides medical care to patients.

2. Defendant BlueCross BlueShield of South Carolina Foundation, ("BCBS") is a corporation organized and existing pursuant to the laws of the State of South Carolina. BCBS has its principal place of business in Columbia, South Carolina. Among other things, BCBS sponsors and administers health plans.

3. Stanford Hospital is unaware of the true names and capacities, whether corporate, associate, individual, partnership, or otherwise of defendants Does 1 through 25, inclusive, and therefore sues such defendants by such fictitious names. Stanford Hospital will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

4. BCBS and Does 1 through 25, inclusive, shall be collectively referred to as "Defendants."

5. Defendants, and each of them, at all relevant times, have transacted business in the State of California. The violations alleged within this complaint have been and are being carried out in the State of California.

6. At all relevant times each of the Defendants, including the defendants named "Doe," was and is the agent, employee, employer, joint

venturer, representative, alter ego, subsidiary, and/or partner of one or more of the other Defendants, and was, in performing the acts complained of herein, acting within the scope of such agency, employment, joint venture, or partnership authority, and/or is in some other way responsible for the acts of one or more of the other Defendants.

## COMMON FACTUAL BACKGROUND

7. BCBS owns and operates various health care service plans. As such, in return for a prepaid or periodic charge (*i.e.*, monthly premiums) from its subscribers/members/beneficiaries/enrollees of such plans (or their employers), BCBS agreed to provide specific plan benefits to those individuals and their enrolled dependents (collectively, "Members"). Among other things, BCBS promised to undertake to arrange for the provision of health care services for those Members, and to pay for and/or arrange to reimburse at least part of the cost for those services.

8. As part of its enrollment process for its Members, BCBS issues various documents to its Members which detail BCBS's express promises regarding its duty to arrange and/or to pay for delivery of health care services to its Members, as well as instructions to its Members on how best to obtain such services from medical providers.

9. In its plan documents it gives to its Members, BCBS structures its health care service plans in such a way as to actively encourage its Members to use "Participating Providers" as much as possible, that is, medical providers who had previously entered into written contracts with BCBS to render medical care to BCBS's Members. Members benefit from such arrangements because BCBS sets

lower co-payment amounts and lower annual deductible thresholds when Members choose care from Participating Providers rather than "Non-Participating Providers." BCBS benefits from steering its Members to Participating Providers because BCBS pays for such care at contractually discounted rates. Participating Providers benefit from such arrangements (even though they contractually agreed to accept payment at discounted rates) because BCBS steering Members to those providers means a greater volume of work for Participating Providers and because BCBS represents a far more reliable source for prompt payment of medical bills than an ordinary patient coming to a hospital without health care coverage.

10. At all relevant times, a patient with initials L.M. ("Patient L.M.") was an individual enrollee of BCBS's health plan.[1] On or about November 17, 2017, one or more employees and/or agents of BCBS verified Patient L.M. was enrolled in BCBS's health plan and authorized treatment (authorization number: 1731415560487). Stanford Hospital rendered medically necessary care to Patient L.M. from December 8 to December 12, 2017.

11. Stanford Hospital's usual and customary total billed charges for rendering the medical care to Patient L.M. from December 8 to December 12, 2017 amounted to $361,321.86.

12. BCBS refused and failed to pay Stanford Hospital for the authorized medical care rendered to Patient L.M. pursuant to the authorization and representations made by BCBS, despite demands thereof. The amount owed for the care rendered to Patient L.M. totals $361,321.86 (the "Amount Owed").

---

[1] Stanford Hospital has limited the disclosure of patient identification information here pursuant to the privacy provisions of the federal Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320(d) *et seq.*, and the California Constitution, art. 1, § 1.

13. Stanford Hospital has now exhausted all available administrative remedies to appeal BCBS's refusal to reimburse Stanford Hospital for the medical care rendered to Patient L.M.

## FIRST CAUSE OF ACTION

*(Breach of Oral Contract)*

(Against defendant BCBS

and/or including Does 1 through 25, inclusive)

14. Stanford Hospital incorporates by reference and re-alleges paragraphs 1 through 13 here as though set forth in full.

15. On or November 17, 2017, Stanford Hospital contacted BCBS and spoke with BCBS's representatives to verify Patient L.M.'s eligibility under the BCBS health plan and to confirm that BCBS would pay for the medical services provided. In response, BCBS's agent orally represented that: i) Patient L.M. was an eligible BCBS beneficiary; ii) Stanford Hospital was authorized to render medically necessary services to Patient L.M. (authorization number: 1731415560487); and iii) based on the authorizations, Stanford Hospital would be reimbursed for the medical services provided to Patient L.M. Stanford Hospital promised to provide, and did provide, medical services to Patient L.M. Based upon such promises, Stanford Hospital and BCBS entered into an oral contract regarding the rendering of medical care and payment for medical care to be rendered to Patient L.M.

16. Stanford Hospital has performed all conditions required by it on its part to be performed in accordance with the terms and conditions of the oral

contracts.

17. BCBS breached the oral contract by failing to pay Stanford Hospital the Amount Owed for the medical care given to Patient L.M.

18. As a result of the breach by BCBS, Stanford Hospital has suffered damages in an amount totaling at least $361,321.86.

## SECOND CAUSE OF ACTION
*(Breach of Implied-In-Fact Contract)*
(Against defendant BCBS
and/or including Does 1 through 25, inclusive)

19. Stanford Hospital incorporates by reference and re-alleges paragraphs 1 through 18 here as though set forth in full.

20. Stanford Hospital and BCBS, through their respective conduct of authorizing and rendering medical services for Patient L.M., evidenced assent to enter into an agreement concerning the provision of medical services and the payment for the provision of said services.

21. In providing authorized medical treatment to Patient L.M., a beneficiary of BCBS's health plan, Stanford Hospital has fully satisfied all conditions required on its part to be performed in accordance with the terms and conditions of that implied-in-fact contract. Stanford Hospital reasonably relied on BCBS's promises and conduct to pay for medical services and continued treating Patient L.M. in reliance on those promises and upon such conduct.

Complaint – FC 23089

- 6 -

22. BCBS breached that implied-in-fact contract by underpaying Stanford Hospital for the medical services rendered to Patient L.M.

23. As a result of the breach by BCBS, Stanford Hospital has suffered damages in an amount totaling at least $361,321.86.

### THIRD CAUSE OF ACTION
(Estoppel)
(Against defendants BCBS
and/or including Does 1 through 25, inclusive)

24. Stanford Hospital incorporates herein by this reference and re-alleges paragraphs 1 through 23 as though set forth in full.

25. When promising, assuring, and representing to Stanford Hospital that Patient L.M. had a policy of health insurance that would pay Stanford Hospital for the services rendered, and when authorizing the services provided to Patient L.M., BCBS and/or its agents knew, or should have known, that Stanford Hospital would be induced to rely on BCBS and/or its agent(s)'s promises, assurances, and representations.

26. Stanford Hospital reasonably and justifiably relied upon such representations and assurances in providing the services.

27. As a direct and proximate cause of their conduct, BCBS should be estopped from denying Stanford Hospital's request for reimbursement in the sum of $361,321.86.

## FOURTH CAUSE OF ACTION

(*Quantum Meruit*)

(Against defendant BCBS

and/or including Does 1 through 25, inclusive)

28. Stanford Hospital incorporates herein by this reference and re-alleges paragraphs 1 through 27 as though set forth in full.

29. During the period of time from November 17, 2017 to December 12, 2017, inclusive, by its words and/or conduct, BCBS requested that Stanford Hospital provide Patient L.M. with medical services.

30. Acting pursuant to BCBS's express request, Stanford Hospital provided medical services to Patient L.M.

31. Stanford Hospital's rendering of medical services to Patient L.M. was intended to, and did, benefit Patient L.M., who was an enrollee of BCBS's health plan, and therefore benefited BCBS.

32. For rendering the medical services upon the express request and authorization of BCBS, Stanford Hospital expected full payment from BCBS for its usual and customary value of $361,321.86, but to date, BCBS failed to make any payment.

33. As a direct and proximate result of the aforementioned conduct by BCBS, Stanford Hospital has suffered damages in the sum of $361,321.86, which sum represents Stanford Hospital's usual and customary total billed charges for such care.

## FIFTH CAUSE OF ACTION

(COMMON COUNTS – GOODS AND SERVICES RENDERED)

(Against defendant BCBS

and/or including Does 1 through 25, inclusive)

34. Stanford Hospital incorporate by reference and re-alleges paragraphs 1 through 33 here as though set forth in full.

35. Through custom and practice, Stanford Hospital and BCBS impliedly agreed and understood that Stanford Hospital would render medical care to BCBS enrollee Patient L.M., submit bills for such care to BCBS, and that BCBS would pay Stanford Hospital for the medical treatment rendered to Patient L.M.

36. BCBS *expressly* authorized and instructed Stanford Hospital to render medical services to Patient L.M.

37. Stanford Hospital provided medical services to Patient L.M., who at the time was a Member of BCBS's health benefits plan.

38. Stanford Hospital has demanded that BCBS pay the amount owing, but BCBS has failed and refused, and continues to fail and refuse, to pay the amount owing.

39. The value of the medically necessary services, supplies, and/or equipment provided by Stanford Hospital is $361,321.86, exclusive of interest.

## PRAYER FOR RELIEF

WHEREFORE, Stanford Hospital prays for judgment as follows:

For the First, Second, Third, Fourth, and Fifth Causes of Action:

1. for the principal sum of $361,321.86;

2. for interest on such principal sum at the rate of fifteen percent (15%) per annum, pursuant to Cal. Health & Safety Code § 1371; or, in the alternative, for interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289;

3. for all costs of suit incurred herein; and,

4. for such other and further relief as the Court deems just and proper.

Dated: January 22, 2020

LAW OFFICES OF STEPHENSON,
ACQUISTO & COLMAN, INC.

_____
AANCHAL V. SANGHVI
Attorneys for
STANFORD HEALTH CARE, a non-profit
public benefit California corporation